1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08cv1133-JM(WMc) |
| Plaintiff, ) | |
| ) | JUDGMENT OF FORFEITURE |
| v. ) | |
| ONE 1999 KENWORTH W900 TRACTOR ) CA LICENSE NO. 9D53724, ) VIN 1XKWDB9X5XJ825034, ) ITS TOOLS AND APPURTENANCES, ) | |
| ONE 1994 WABASH NATIONAL ) RCA-102-15 TRAILER, ) AZ LICENSE NO. L87023, ) VIN 1JJV482S8RL206936, ) ITS TOOLS AND APPURTENANCES, ) | |
| Defendants. ) | |

Having reviewed the Joint Motion For Judgment of Forfeiture and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED and DECREED:

The Joint Motion is approved.

1. Plaintiff United States shall sell the defendant vehicles at a time, place and in a manner to be determined by the plaintiff. After the defendant vehicles are sold, the net proceeds of

//

the sale shall be divided equally between plaintiff United States and claimant Gerardo Beltran.

  A. The term "net proceeds" under this agreement shall be calculated as follows: The gross proceeds of the sales of the defendant vehicles shall be the total dollars paid by the buyer or buyers of the defendants 1999 Kenworth W900 Tractor and 1994 Wabash National RCA-102-15 Trailer.  From the gross proceeds, plaintiff United States shall deduct all administrative costs, storage costs, sales costs, and other reasonable and necessary costs generated as a result of the seizure, storage, and sale of the defendant vehicles.  Net proceeds shall equal the dollar amount of the gross proceeds remaining after all such costs have been deducted.

  B. Upon determining the dollar amount of the net proceeds, plaintiff United States shall return one-half of the net proceeds to claimant Gerardo Beltran.  The other half of the net proceeds shall be forfeited and condemned to the United States.

 2. The person or persons who made the seizures and the prosecutor shall not be liable to suit or judgment on account of such seizures and prosecution in accordance with Title 28, United States Code, Section 2465.

 3. The terms of this settlement do not affect the tax obligations, fines, penalties, or any other monetary obligations claimant Gerardo Beltran may owe to the United States.

 4. Claimant Gerardo Beltran has agreed that by entering into this stipulation, he has not "substantially prevailed" within the meaning of 28 U.S.C. § 2465.  The parties to this settlement agreed that each will bear their own attorney's fees and litigation costs.

//

5. Claimant Gerardo Beltran, his agents, employees, or assigns, shall hold and save harmless the United States of America, its agents and employees from any and all claims which might result from the seizure and custody of the defendant vehicles.

6. This case is hereby ordered closed. Let judgment be entered accordingly.

DATED: May 12, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge